IN THE DISTRICT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

AUG - 1 2017

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

KARRI KALFAS,

    Plaintiff,

vs.

**CJ-2017-03006**

Case No. 
Attorney Lien Claimed

SHADOW MOUNTAIN BEHAVIORAL
HEALTH SYSTEM, UNIVERSAL
HEALTH SERVICES, INC.,
MICHAEL KISTLER, SHARON
WORSHAM, and JORDAN COOKE,

    Defendants.

**Rebecca Brett Nightingale**

)
)
)
)
)
)
)
)
)
)
)
)
)

## PETITION

Plaintiff Karri Kalfas for her cause of action against Defendants states the following:

1. Plaintiff is an individual who resides in Tulsa County, Oklahoma.

2. Defendant Shadow Mountain Behavioral Health System is a foreign limited liability company authorized to conduct business in the State of Oklahoma as a Psychiatric Residential Treatment Facility for minors to assist, treat, and care for society's at-risk and vulnerable population.

3. Defendant Universal Health Services is a foreign for-profit corporation conducting business in the State of Oklahoma.

4. Upon information and belief, Defendant Shadow Mountain Health System is a wholly owned subsidiary of Defendant Universal Health Services, Inc.

5. At all relevant times herein Plaintiff was an employee of Shadow Mountain Behavioral Health System, working at the Shadow Mountain Hospital and Behavioral Health Assessment Center located at 6262 S. Sheridan Road, Tulsa, Oklahoma 74133.

1


EXHIBIT

6. Upon information and belief, Mike Kistler is a resident of Tulsa County, Oklahoma, and at all relevant times was Chief Executive Officer of Shadow Mountain Behavioral Health System and an employee of, and paid by, Universal Health Services, Inc. under the control and direction of Universal Health Services' divisional vice president, Sharon Worsham.

7. Upon information and belief, Sharon Worsahm is a resident of Tulsa County, Oklahoma, and at all relevant times was Divisional Vice President of Universal Health Services, Inc. exercising control over Shadow Mountain's Chief Executive Officer, Mike Kistler, and Shadow Mountain Behavioral Health System.

8. Upon information and belief, Jordan Cooke is a resident of Tulsa County, Oklahoma, and at all relevant times was Shadow Mountain's Human Resources Director.

9. Plaintiff was hired as an employee of Shadow Mountain in 2013 and terminated on April 13, 2017.

10. At the time of her termination on April 13, 2017, Plaintiff was the Staff Development Coordinator at Shadow Mountain Hospital and Behavioral Health Assessment Center.

11. Approximately three weeks before Plaintiff's termination, Shadow Mountain's Human Resources Director, Jordan Cooke, told Plaintiff Shadow Mountain believed Plaintiff's husband—a former Director of Nursing at Shadow Mountain Hospital and Behavioral Health Assessment Center—was instigating an investigation into, and lawsuit against, Shadow Mountain regarding Shadow Mountain's violations of state and federal laws and regulations and that Shadow Mountain believed Plaintiff provided the information necessary for that investigation into, and lawsuit against, Shadow Mountain.

12. On April 11, 2017, American media company BuzzFeed published an article disclosing Shadow Mountain's violations of state regulations, Shadow Mountain's dangerous staff practices, Shadow Mountain's illegal Medicare billing practices, and allegations of Shadow Mountain's abuse and neglect of its patients.

13. At all relevant times, Defendants, individually and as employees of Shadow Mountain and/or Universal Health Services, possessed knowledge of institutional neglect and abuse of Shadow Mountain's patients, Shadow Mountain's violations of state regulations, Shadow Mountain's dangerous staff practices, and Shadow Mountain's illegal Medicare billing practices,.

14. At all relevant times, Defendants, individually and as employees of Shadow Mountain and/or Universal Health Services, owed a statutory duty to report the known abuse and neglect occurring at Shadow Mountain's Hospital and Assessment Center under *inter alia* 10A O.S. § 1-2-101, and each faced criminal liability for their hiding of, or failure to report, such abuse and neglect.

15. On April 13, 2017, for fear of their own individual and collective liability, Defendants terminated Plaintiff for whistleblowing and providing information regarding Shadow Mountain's violations of state regulations, Shadow Mountain's dangerous staff practices, Shadow Mountain's illegal Medicare billing practices, and Shadow Mountain's abuse and neglect of its patients.

16. Plaintiff's April 13, 2017 termination was the result of Defendants, individually and as employees of Shadow Mountain and/or Universal Health Services, willfully and intentionally interfering with reporting of the abuse and neglect suffered by  Shadow

Mountain's patients to the appropriate investigatory agency and accusing Plaintiff of such protected activity.

17. Plaintiff's April 13, 2017 termination was the result of Defendants, individually and as employees of Shadow Mountain and/or Universal Health Services, intentionally and willfully interfering with reporting to the appropriate investigative authority of Defendants' failure, as individuals and as employees of Shadow Mountain and/or Universal Health Services, to promptly report suspected and known child abuse and neglect at Shadow Mountain and accusing Plaintiff of such protected activity.

18. Defendants' actions in terminating Plaintiff for alleged protected activity were willful, intentional, and/or negligent.

19. As a result of Defendants' intentional and wrongful actions, as individuals and as employees of Shadow Mountain and/or Universal Health Services, Inc., Plaintiff has sustained loss of employment, loss of wages, loss of benefits, loss of future wages and other compensation, and is entitled to compensatory and punitive damages.

20. As a result of Defendants' negligence, as individuals and as employees of Shadow Mountain and/or Universal Health Services, Inc., Plaintiff has sustained loss of employment, loss of wages, loss of benefits, loss of future wages and other compensation, and is entitled to compensatory damages.

WHEREFORE, Plaintiff prays for judgment in her favor and demands compensatory and punitive damages in an amount in excess of $75,000, plus interest, costs, a reasonable attorneys' fee, and all other relief the Court deems just and equitable.

Respectfully submitted,

4

Paula J. Quillin, OBA #7368
Jeremy K. Ward, OBA #21400
Alexander J. Sisemore, OBA #31225
Franden | Farris | Quillin | Goodnight + Roberts
2 W. 2nd St., Suite 900
Tulsa, OK 74103
918-583-7129 Phone
918-583-3814 Facsimile
***Attorneys for Plaintiff***

5