## IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

KARRI KALFAS,               )
                         )
      Plaintiff,         )
                         )
vs.                     )     Case No. 17-CV-00497-JED-JFJ
                         )     Attorney Lien Claimed
SHADOW MOUNTAIN BEHAVIORAL  )
HEALTH SYSTEM, UNIVERSAL     )
HEALTH SERVICES, INC.,        )
UHS OF DELAWARE, INC.,        )
MICHAEL KISTLER, SHARON     )
WORSHAM, and JORDAN COOKE,   )
                         )
      Defendants.     )

### SECOND AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Karri Kalfas for her causes of action against Defendants states the following:

1. Plaintiff is an individual who resides in Tulsa County, Oklahoma.

2. Defendant Shadow Mountain Behavioral Health System is a foreign limited liability company authorized to conduct business in the State of Oklahoma as a Psychiatric Residential Treatment Facility for minors to assist, treat, and care for society's at-risk and vulnerable population.

3. Defendant Universal Health Services is a foreign for-profit corporation conducting business in the State of Oklahoma.

4. Defendant UHS of Delaware, Inc. is a foreign for-profit corporation conducting business in the State of Oklahoma.

5. Upon information and belief, Defendant Shadow Mountain Health System is a wholly owned subsidiary of, and under the control of, Defendant Universal Health Services, Inc. and UHS of Delaware, Inc.

6. At all relevant times herein Plaintiff was an hourly, at-will employee of Shadow Mountain Behavioral Health System, working at the Shadow Mountain Hospital and Behavioral Health Assessment Center located at 6262 S. Sheridan Road, Tulsa, Oklahoma 74133.

7. Upon information and belief, Mike Kistler is a resident of Tulsa County, Oklahoma, and at all relevant times was Chief Executive Officer of Shadow Mountain Behavioral Health System and an employee of, and paid by, Universal Health Services, Inc. and/or UHS of Delaware, Inc. under the control and direction of Universal Health Services' and/or UHS of Delaware, Inc.'s divisional vice president, Sharon Worsham.

8. Upon information and belief, Sharon Worsham is a resident of Tulsa County, Oklahoma, and at all relevant times was Divisional Vice President of Universal Health Services, Inc. and/or UHS of Delaware, Inc. exercising control over Shadow Mountain's Chief Executive Officer, Mike Kistler, and Shadow Mountain Behavioral Health System.

9. Upon information and belief, Jordan Cooke is a resident of Tulsa County, Oklahoma, and at all relevant times was Shadow Mountain's Human Resources Director.

10. Plaintiff was hired as an employee of Shadow Mountain in 2013 and terminated on April 13, 2017.

11. At the time of her termination on April 13, 2017, Plaintiff was the Staff Development Coordinator at Shadow Mountain Hospital and Behavioral Health Assessment Center.

12. On December 7, 2016, American media company BuzzFeed published an exposé of a yearlong investigation of Defendant Universal Health Services, Inc. and its subsidiary hospitals, describing company-wide admission, retention, and billing practices that led to federal investigations into company policies and whether the company was committing Medicare fraud. The exposé also described investigations into wider issues affecting the company, including reports suggesting a pattern of quality care issues, staffing issues, and staff training issues.

13. Sometime in March of 2017, approximately three weeks before Plaintiff's termination, Shadow Mountain's Human Resources Director, Jordan Cooke, told Plaintiff Shadow Mountain believed Plaintiff's husband—a former Director of Nursing at Shadow Mountain Hospital and Behavioral Health Assessment Center—was instigating an investigation into, and lawsuit against, Shadow Mountain for Shadow Mountain's violations of various state and federal laws and regulations, and that Shadow Mountain believed Plaintiff was providing the information necessary for that investigation into, and lawsuit against, Shadow Mountain.

14. At all relevant times herein, Defendant Michael Kistler neither received any training in the proper use or application of physical restraints on Shadow Mountain patients nor possessed any certifications evidencing any such training even though Oklahoma Administrative Code section 317-30-5-95.39 requires staff to be trained in such techniques.

15. Plaintiff, as the Staff Development Coordinator and the person who conducted and tracked staff training, had specific knowledge that Michael Kistler lacked the training and

certification under Oklahoma regulations to perform restraints on Shadow Mountain patients.

16. At all relevant times herein, Shadow Mountain had a pattern and practice of understaffing its facilities and programs with less than the required number of staffers per patients during waking and sleep hours pursuant to Oklahoma Administrative Code section 317-30-5-95.24.

17. At all relevant times herein, Shadow Mountain had a pattern, practice, and policy of admitting and holding patients without regard for the patient's actual need for treatment in order to exhaust patients' Medicare, Medicaid, SoonerCare, and/or insurance benefits, subjecting Defendants to criminal liability under Oklahoma criminal statutes, including but not limited to Okla. Stat. tit., section 1589, and liability under the False Claims Acts.

18. At all relevant times herein, Defendants each had knowledge of widespread and systemic instances of patient abuse and neglect on Shadow Mountain's premises.

19. On April 11, 2017, BuzzFeed published an article disclosing Shadow Mountain's violations of various state regulations for inadequate staffing and staff training, Shadow Mountain's dangerous staff practices, Shadow Mountain's illegal admissions, retention, and billing practices, and allegations of Shadow Mountain's abuse and neglect of its patients.

20. At all relevant times, Defendants, individually and as employees of Shadow Mountain and/or Universal Health Services, Inc. and/or UHS of Delaware, Inc., possessed knowledge of the institutional neglect and abuse of Shadow Mountain's patients, Shadow Mountain's violations of state regulations described herein, Shadow Mountain's

dangerous staff practices described herein, and Shadow Mountain's billing, admission, and retention practices described herein.

21. At all relevant times, Defendants, individually and as employees of Shadow Mountain and/or Universal Health Services, Inc. and/or UHS of Delaware, Inc. owed a statutory duty to report the known abuse and neglect occurring at Shadow Mountain's Hospital and Assessment Center under, *inter alia*, 10A O.S. § 1-2-101, and each faced criminal liability for their hiding of, or failure to report, such abuse and neglect.

22. On April 13, 2017, for fear of their own individual and collective liability, Defendants terminated Plaintiff for whistleblowing and providing information to investigatory agencies and authorities regarding, *inter alia*, Shadow Mountain's violations of state regulations concerning the application of physical restraints by individuals not trained and certified to conduct such restraints described herein, Shadow Mountain's use of staff not trained in the application of physical restraint of patients described herein, Shadow Mountain's violations of state regulations concerning Shadow Mountain staffing its facilities with less than the required amount of staff per patient described herein, Shadow Mountain's dangerous staff practices, Shadow Mountain's admissions, retention, and billing practices for pecuniary gain described herein that constitute forgery under Oklahoma's Criminal Code and Medicare/Medicaid Fraud under the False Claims Act, and Shadow Mountain's abuse and neglect of its patients.

23. At Plaintiff's April 13, 2017 termination, Defendant Kistler stated he believed Plaintiff's husband was "behind stuff" and Plaintiff was in too critical of a position to remain employed at Shadow Mountain.

24. Plaintiff's April 13, 2017 termination was the result of Defendants, individually and as employees of Shadow Mountain and/or Universal Health Services, Inc. and/or UHS of Delaware, Inc., willfully and intentionally interfering with reporting of the abuse and neglect suffered by Shadow Mountain's patients to the appropriate investigatory agency and accusing Plaintiff of such protected activity.

25. Plaintiff's April 13, 2017 termination was the result of Defendants, individually and as employees of Shadow Mountain and/or Universal Health Services and/or UHS of Delaware. Inc.'s, intentionally and willfully interfering with reporting to the appropriate investigative authority of Defendants' failure, as individuals and as employees of Shadow Mountain and/or Universal Health Services and/or UHS of Delaware, Inc., to promptly report suspected and known child abuse and neglect at Shadow Mountain and accusing Plaintiff of such protected activity.

26. Defendants' actions in terminating Plaintiff for alleged protected activity were willful, intentional, and/or negligent.

27. As a result of Defendants' intentional and wrongful actions, as individuals and as employees of Shadow Mountain and/or Universal Health Services, Inc. and/or UHS of Delaware, Inc., Plaintiff has sustained loss of employment, loss of wages, loss of benefits, loss of future wages and other compensation, and is entitled to compensatory and punitive damages.

28. As a result of Defendants' negligence, as individuals and as employees of Shadow Mountain and/or Universal Health Services, Inc. and/or UHS of Delaware, Inc., Plaintiff has sustained loss of employment, loss of wages, loss of benefits, loss of future wages and other compensation, and is entitled to compensatory damages.

29. No statutory remedy exists to protect employees who are terminated for reporting violations of Oklahoma's criminal code (including Okla. Stat. tit. 21, § 1589) or the Oklahoma Administrative Code (including Okla. Admin. Code §§ 317-30-5-95.24 and 317-30-5-95.39) affecting the public.

WHEREFORE, Plaintiff prays for judgment in her favor and demands compensatory and punitive damages in an amount in excess of $75,000, plus interest, costs, a reasonable attorneys' fee, and all other relief the Court deems just and equitable.

Respectfully submitted,

/s/Alexander J. Sisemore
Paula J. Quillin, OBA #7368
Jeremy K. Ward, OBA #21400
Alexander J. Sisemore, OBA #31225
Franden | Farris | Quillin | Goodnight + Roberts
2 W. 2nd St., Suite 900
Tulsa, OK 74103
918-583-7129 Phone
918-583-3814 Facsimile
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

Charles Plumb
Courtney Bru
Anna Proctor

/s/Alexander J. Sisemore